IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AAMCO TRANSMISSIONS, INC. <br> 201 Gibraltar Road, Suite 150 <br> Horsham, PA 19044 <br>       Plaintiff, <br> v. <br> KANOODA S. GOWIN <br> 4520 Hillsborough Road <br> Durham, NC 27705 <br>       Defendant. | CIVIL ACTION <br><br> No. |

## COMPLAINT

1. Plaintiff, AAMCO Transmissions, Inc. ("ATI"), is a Pennsylvania corporation, with its principal place of business located at 201 Gibraltar Road, Horsham, Pennsylvania 19044.

2. Defendant, Kanooda S. Gowin ("Gowin"), is an adult individual who is a citizen of the State of North Carolina with a principal place of business at 4520 Hillsborough Road, Durham, NC 27705.

3. This case arises from a dispute between ATI, as franchisor, and Defendant Gowin, as franchisee, in connection with Defendant's continued operation of an AAMCO Transmission Center located at 4520 Hillsborough Road, Durham, NC 27705 ("Center").

### Jurisdiction and Venue

4. This Court has jurisdiction pursuant to 15 U.S.C.A. §1121(a), and also pursuant to 28 U.S.C.A. §1338(b) relating to claims of unfair competition joined with a substantial and related claim under the trademark laws, as well as pendent and ancillary jurisdiction of the state and common law claims contained herein. This Court also has diversity jurisdiction pursuant to

28 U.S.C.A. §1332 based upon the diverse citizenship of the parties and the amount in controversy which exceeds $75,000 exclusive of interest and costs.

5. Venue lies in this District pursuant to 28 U.S.C.A. §1391, in that ATI resides in this District, Gowin has transacted business with ATI continuously over the last several years in this District and the claims arise under a contract that was made in this District.

### ATI's AAMCO Trademarks

6. Since at least 1963, ATI has continually used the name "AAMCO" as its trade name, trademark and service mark in connection with the operation of transmission repair centers. It is the owner of the following marks registered on the principal register of the United States Patent and Trademark office for "automobile repair services":

| Registration # | Description |
| --- | --- |
| 851,209 | The name "AAMCO". |
| 860,330 | Pictorial representation containing the name "AAMCO". |
| 1,127,710 | Pictorial representation containing the name "AAMCO Transmissions". |

7. ATI is engaged in interstate commerce in, inter alia, the business of franchising or licensing others to use the mark and name "AAMCO" in the operation of transmission repair centers throughout the United States and Canada. There are approximately 700 independent dealers licensed or franchised by ATI to operate transmission repair centers under the "AAMCO" trade name and trademark.

8. The "AAMCO" trade name and trademark have become universally associated with the repair of motor vehicle transmissions and the operation of transmission repair centers. As a result, ATI owns common-law trade name and trademark rights in the name "AAMCO" and

in the marks described above. By virtue of the long use and promotion and the resulting fine public reputation of the trade name "AAMCO", there exists a secondary meaning in the name "AAMCO" and the above marks.

9. Large sums of money have been spent in advertising and promoting the services sold under ATI's trade name and trademarks, and today ATI has a substantial business and a long established goodwill associated with the name and the above marks in connection with the services provided under its trade name and trademarks.

10. ATI has a vital interest in protecting its trade name and trademarks and the preservation and protection thereof are essential to the maintenance of ATI's quality transmission repair centers and the goodwill and reputation associated therewith. To supervise and control use of its trade name and trademarks, ATI has established standards and policies governing the quality of service to be provided to the public and has established procedures calling for the inspection of franchisees' centers to determine that the standards and policies are being followed.

### The Contractual Relationship between ATI and Defendant

11. On May 5, 1998, ATI and Gowin entered into a franchise agreement, pursuant to which Gowin was authorized to use and has been using the name and mark "AAMCO" in connection with the operation of the Center. A true and correct copy of this franchise agreement (the "Franchise Agreement") is attached at Exhibit "A" hereto, and incorporated herein by reference.

12. In accordance with the Franchise Agreement, ATI has provided Defendant with specialized and continuing training and knowledge of ATI's trade secrets and proprietary system of doing business.

13. In accordance with Section 1.1 of the Franchise Agreement, ATI granted Defendant the limited contractual right to use the AAMCO name and trademarks in connection with the operation of the Center.

14. Using ATI's AAMCO trademarks, training, assistance, and knowledge Defendant operated the Center under the AAMCO name.

15. In consideration for the services provided by ATI under the Franchise Agreement, Defendant was required to pay to ATI a continuing Franchise fee of seven percent (7%) of the gross business transacted at the Center.

16. The Franchise Agreement had a fifteen (15) year term.

### Breach and Termination of the Contractual Relationship

17. In November of 2009, ATI performed an audit and undercover investigation at another AAMCO Transmission Center in North Carolina (the "Cary Center"), and discovered substantial intentional underreporting and customer fraud at the Cary Center.

18. The Cary Center's manager at the time was Susan Courtright. ATI's audit and investigation revealed that Ms. Courtright was an active participant and personally involved in defrauding scores of customers at the Cary Center. Specifically, Ms. Courtright regularly sold services to, and collected monies from, customers for work that she knew was not performed.

19. ATI's audit and investigation further revealed that Ms. Courtright, during her tenure at the Cary Center, also regularly defrauded ATI by participating in, and profiting from, an ongoing scheme to withhold the reporting of various sales conducted at the Cary Center to ATI.[1]

20. After being terminated from her employment at the Cary Center in late 2009, Ms. Courtright applied for employment with Defendant at his Center.

---

[1] Franchise fees to ATI are calculated based on the Cary Center's reported sales.

21. Having recently completed its audit and investigation that had revealed that Ms. Courtright was an active participant and personally involved in numerous transactions involving fraud and underreporting at the Cary Center, ATI informed Defendant of its investigation and findings concerning Ms. Courtright and warned Defendant that, in light of her documented history of fraudulent business practices, employing Ms. Courtright at his Center would be in breach of his obligations under Defendant's Franchise Agreement with ATI.

22. Section 5.1 of the Franchise Agreement provides, in relevant part, that: "Franchisee agrees to hire only those employees who, upon appropriate screening, demonstrate themselves to be honest and dependable." *See* Exhibit "A".

23. Defendant ignored ATI's warning and hired Ms. Courtright as his manager at the Center.

24. In a letter dated March 5, 2010, ATI notified Defendant in writing that his decision to hire Ms. Courtright was in breach of Section 5.1 of the Franchise Agreement and demanded that Defendant cure his default (i.e., terminate Ms. Courtright's employment) within thirty (30) days. A true and correct copy of the said letter is attached hereto and made a part hereof at Exhibit "B".

25. Defendant ignored ATI's breach notice and continued to employ Ms. Courtright as his manager at the Center.

26. In a letter dated April 8, 2010, ATI terminated its Franchise Agreement with Defendant for his refusal to comply with Section 5.1. A true and correct copy of the said letter is attached hereto and made a part hereof at Exhibit "C".

**Defendant's Refusal to Honor Post Termination Obligations**

27. Section 19.1(a) of the Franchise Agreement, entitled "Procedures after Termination," provides that upon termination of the franchise, Defendant must:

> (1) Promptly pay AAMCO all sums due and owing....
>
> (3) Immediately and permanently discontinue the use of the mark AAMCO and all similar names or marks, and any other designation tending to indicate that Franchisee is or was an authorized AAMCO franchisee.
>
> (4) Promptly surrender to AAMCO all signs, training materials, manuals, videos, stationery, letterheads, forms, repair orders, printed matter and advertising material containing the mark AAMCO, all similar names or marks or any other designation tending to indicate that Franchisee is or was an authorized franchisee of AAMCO.
>
> (5) Immediately and permanently discontinue all advertising as an authorized AAMCO dealer.
>
> (6) Promptly transfer to AAMCO or AAMCO's designee each telephone number listed under the designation AAMCO or any similar designation, and execute such instruments and take such steps as AAMCO may require to accomplish the transfer of each such telephone number.

*See* Exhibit "A".

28. The Franchise Agreement further provides at Section 19.2, entitled "Covenant Not-To-Compete", that Defendant shall:

> (b) For a period of two (2) years after the termination of this Agreement, Franchisee shall not directly or indirectly engage in the transmission repair business within a radius of ten (10) miles of the former center or any other AAMCO center. The two (2) year period shall not begin to run until Franchisee commences to comply with all obligations stated in this section 19.2(b).

*See* Exhibit "A".

29. Despite the termination of his franchise, Defendant has refused to take the actions required by Sections 19.1 and 19.2 of the Franchise Agreement to remove the AAMCO name and trademark from the Center and cease all use of ATI's systems and AAMCO merchandising

materials there, to turn over the AAMCO advertised telephone number to ATI and to cease operating from the former Center location as a transmission repair business. Instead, Defendant has continued to operate the Center as a transmission business under the name and style "AAMCO Transmissions", to hold himself out to be an authorized AAMCO franchisee, and to use the AAMCO trade name and trademark, without any license or right whatsoever.

## COUNT I - TRADEMARK INFRINGEMENT

30. ATI hereby incorporates by reference, as if fully set forth, paragraphs 1 through 29 above.

31. Defendant's limited right to use the ATI trademarks was extinguished when, on April 8, 2010, the Franchise Agreement was terminated by ATI for cause.

32. Defendant has nevertheless willfully and without justification failed and refused to comply with the post-termination provisions of the Franchise Agreement and continues to use the AAMCO trademarks and hold himself out to the public as AAMCO Transmission.

33. Unless Defendant is enjoined, ATI believes and therefore avers that he will continue his infringing use of the AAMCO trade name and trademarks at the Center.

34. Unless Defendant is enjoined, his continued improper use of the AAMCO trade name and trademarks will greatly impair the value of the AAMCO trade name and trademarks, as well as ATI's reputation and goodwill.

35. Defendant's continued failure and refusal to comply with those obligations has caused and continues to cause ATI irreparable harm to its reputation and goodwill, and substantial financial losses.

36. The actions and conduct of Defendant as set forth in this Complaint constitute willful trademark infringement in violation of 15 U.S.C.A. §1125.

37. The damages that have been occasioned by the willful trademark infringement that has been engaged in by Defendant are irreparable and continuing, and ATI has no adequate remedy at law.

38. Pursuant to 15 U.S.C.A. §1116, ATI is entitled to injunctive relief to protect its rights under the Lanham Act.

39. Pursuant to 15 U.S.C.A. §1117, ATI is entitled to recover Defendant's profits at the Center for the period since April 8, 2010, during which he has engaged in the above-described willful trademark infringement, plus any damages sustained by ATI, which damages may be trebled, plus the costs of this action and attorneys' fees.

## COUNT II - BREACH OF FRANCHISE AGREEMENT - SPECIFIC PERFORMANCE

40. ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 39 above.

41. As a result of the termination of Defendant's franchise, ATI is also entitled to specific performance of Section 19.1(a) of the Franchise Agreement, which requires Defendant to, among other things, discontinue all use of the AAMCO name and trademark, surrender to ATI all items containing the AAMCO name and trademark, and transfer to ATI any and all telephone numbers listed under the AAMCO name.

42. The Franchise Agreement further provides in Section 19.2 that for a period of two years following termination, Defendant will not, directly or indirectly, engage in the automotive repair business within a radius of ten (10) miles of the Center, or within a radius of ten miles of any other AAMCO center.

43. Although Defendant's franchise has been terminated, Defendant continues to hold himself out to customers as AAMCO Transmission and operate a transmission repair business at

the Center location in violation of ATI's trademark rights and in violation of the covenant not-to-compete contained in the Franchise Agreement.

44.     By continuing to conduct a transmission repair business in violation of the covenant not-to-compete, Defendant has misappropriated the goodwill generated under the AAMCO name.

45.     Defendant's failure to honor the procedures after termination stated in Section 19.1 of the Franchise Agreement and his conduct in continuing an automotive repair business at the Center in violation of the covenant not-to-compete interferes with ATI's ability to police its marks, develop the market, retain the goodwill and re-establish the presence of the AAMCO name in this market, causing ATI irreparable harm.

46.     ATI has no adequate remedy at law for damages, and unless specific performance of the procedures after termination and covenant not-to-compete is ordered and injunctive relief granted to restrain Defendant's violation of the covenant not-to-compete, ATI will continue to suffer irreparable harm.

## COUNT III - COMMON LAW UNFAIR COMPETITION

47.     ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 46 above.

48.     Defendant's conduct is in violation of the common law of unfair competition in that he is:

(a)     Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods and services in connection with his conduct of business at the Center;

9

(b)     Causing likelihood of confusion or of misunderstanding as to the affiliation, connection or association with or certification by ATI of his conduct of business at the Center; and,

(c)     Representing to the public that the business conducted at the Center has ATI's approval, which it does not.

49.     These acts by Defendant have been committed willfully and with full knowledge of the refusal of ATI to authorize the sale of goods and services at the Center; and with the intention of deceiving and misleading the public.

50.     Defendant's unlawful trade practices will irreparably harm and injure ATI's trademarks, trade name, reputation and goodwill.

51.     ATI is without an adequate remedy at law.

COUNT IV – COSTS AND ATTORNEYS' FEES

52.     ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 51 above.

53.     Pursuant to Section 21.5 of the Franchise Agreement, Defendant agreed to pay all costs incurred by Plaintiff in bringing this action, including attorneys' fees.

54.     Pursuant to 15 U.S.C.A. §1117, ATI is entitled to recover the costs of this action and attorneys' fees.

55.     Upon the filing of this Complaint, Plaintiff ATI has incurred a filing fee of Three hundred fifty dollars ($350.00) in this matter.

56.     Plaintiff ATI has incurred and continues to incur attorneys fees in the pursuit of this action.

## COUNT V – DECLARATORY JUDGMENT

57. ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 56 above.

58. Pursuant to 28 U.S.C. §2201 and 42 Pa.C.S.A. §7533, this Court has jurisdiction to determine disputes between Plaintiff and Defendant concerning the validity, formation, operation and termination of the Franchise Agreement.

59. A dispute exists between Plaintiff and Defendant as to whether Defendant is in default of the Franchise Agreement and as to the termination of said agreement.

60. Plaintiff did properly register, sell and enter into the Franchise Agreement with Defendant and obeyed all applicable laws. Neither Plaintiff nor its agents, employees, brokers or representatives made any misrepresentations or omissions of any material facts in connection with Defendant entering into the Franchise Agreement.

61. Plaintiff has performed all of its obligations under the Franchise Agreement and has not negligently or willfully caused any damage to Defendant.

62. Plaintiff has properly determined that Defendant was in violation of his Franchise Agreement for failure to comply with Section 5.1 of the Franchise Agreement.

63. Pursuant to the Franchise Agreement, Plaintiff may terminate the Franchise Agreement for the breach set forth above.

64. Plaintiff has properly terminated the Franchise Agreement.

65. Defendant must comply with all provisions of Sections 19.1 and 19.2 of the Franchise Agreement.

WHEREFORE, Plaintiff AAMCO Transmissions, Inc. demands a judgment in its favor and a declaration that the Franchise Agreement is valid, was properly entered into, that Plaintiff

has fulfilled all of its obligations under the Franchise Agreement, that Plaintiff did not misrepresent and/or omit any material facts, that Plaintiff has not negligently or willfully caused damage to Defendant, that Plaintiff may terminate Defendant under the Franchise Agreement for the breach described in the above set forth Counts of this Complaint, that Plaintiff may remove the telephone number, (919) 383-0671, from the Center, and that Defendant must refrain from engaging in the transmission repair business within a ten (10) mile radius of the Center for a period of two (2) years.

## RELIEF SOUGHT

WHEREFORE, ATI requests the following relief:

A.  That Defendant, his officers, agents, servants, employees and those persons in active concert or participation with him, be preliminarily and permanently enjoined and restrained from:

> (i)  using in any manner, including without limitation on or in any signs, stationery, letterheads, forms, printed matter or advertising, the proprietary marks "AAMCO", "AAMCO Transmissions" or similar names or marks;
>
> (ii)  advertising or otherwise holding himself out, directly or indirectly, as an authorized franchisee of ATI or as being in any way sponsored by or connected or associated with ATI; and,
>
> (iii)  doing anything to cause potential purchasers of transmission repair services to believe that any services or repairs performed by Defendant or any business with which he is associated originate with ATI or are endorsed or sponsored by ATI.

B. That Defendant deliver to ATI or to persons designated by the Court all materials, including without limitation signs, stationery, letterhead, forms, printed matter and advertising, which contain the proprietary marks "AAMCO", "AAMCO Transmissions", or similar names or marks.

C. That Defendant transfer to ATI or at ATI's direction, each telephone number listed by him under the designation "AAMCO Transmission" or any similar designation and execute any instruments and take such steps as may be necessary or appropriate to transfer each such telephone number and if he shall fail to do so, that counsel for ATI be designated by the Court as his attorney-in-fact to execute such documents in his name and in his place.

D. That Defendant be ordered to provide an accounting pursuant to 15 U.S.C.A. §1117(a), of his profits at the Center after March 24, 2010, and that these profits be awarded to ATI, along with all other damages for Defendant's violation of ATI's trademark rights, trebled in accordance with 15 U.S.C.A. §1117(a).

E. That Defendant be ordered to honor the covenant not-to-compete contained in the Franchise Agreement, by ceasing to operate an automotive repair center for two (2) years at or within ten (10) miles of the location of the Center or any other AAMCO repair center.

F. That Defendant be ordered to file with the Court and to serve on ATI within thirty (30) days after the issuance of any preliminary and/or permanent injunction herein, a report in writing, under oath, setting forth in detail the measures undertaken by Defendant to comply herewith.

G. That the Court enter Declaratory Judgment that:

(i). Plaintiff did properly register, sell and enter into the Franchise Agreement with Defendant and obeyed all applicable laws;

(ii). Plaintiff has performed all of its obligations under the Franchise Agreement and has not negligently or willfully caused any damage to Defendant;

(iii). Plaintiff has properly determined that Defendant was in violation of his Franchise Agreement;

(iv). Plaintiff has properly terminated the Franchise Agreement; and,

(v). Defendant must comply with all provisions of Sections 19.1 and 19.2 of the Franchise Agreement.

H. That ATI be awarded its reasonable attorneys' fees, costs of court and all other and further relief to which it may be entitled.

6/14/10

William B. Jameson
Attorney ID. No. 58949
Attorney for Plaintiff
AAMCO Transmissions, Inc.
201 Gibraltar Road
Horsham, Pennsylvania 19044
(610) 668-2900